356 So.2d 1311 (1978)
In re Tom HOLLAND.
No. 78-259.
District Court of Appeal of Florida, Third District.
March 31, 1978.
Bennett H. Brummer, Public Defender and Paul Morris, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is a motion to review an order denying supersedeas bail for a person who has been involuntarily hospitalized by the circuit court under the Baker Act and who appeals the order of commitment. The question raised by the motion is whether a *1312 circuit court has the authority to admit such a mental incompetent to supersedeas bail. We hold that the trial court lacks the authority to admit to supersedeas bail a person who appeals an order of involuntary hospitalization under the Baker Act. [Section 394.467, Florida Statutes (1975)]. Accordingly, we deny the motion to review.
It appears without dispute that on January 12, 1978, a petition to involuntarily hospitalize the appellant Tom Holland pursuant to Section 394.467, Florida Statutes (1975), was filed in the Circuit Court for the Eleventh Judicial Circuit of Florida. On January 19, 1978, the petition came on for a full evidentiary hearing before the said circuit court in which the state was represented by the state attorney and the appellant was represented by the public defender. Testimony was received from three witnesses at the conclusion of which the trial court entered a written order committing the appellant to a mental treatment facility not to exceed six months. Specifically, the trial court found as follows:
"On this record, the [c]ourt is convinced that there is clear and competent evidence that the patient is mentally ill, dangerous to himself, lacks sufficient sustained insight and judgment to seek responsible medical care and treatment on his own behalf and that there are no viable alternatives less restrictive in nature by which he can be successfully treated and maintained other than through long term involuntary hospitalization."
The public defender at the conclusion of the hearing orally requested that a supersedeas bail be set pending an appeal to this court of the involuntary hospitalization commitment. The trial court at first set a $1,000 supersedeas bond, but upon further reflection entered a written order setting aside the previous order and denying the application for supersedeas bail. This motion to review that order follows.
The trial court in its order denying supersedeas bail accurately observes that "[a] study of chapter 394, Florida Statutes, fails to disclose or evince a [l]egislative plan for the stay of the performance or execution of commitment orders under the so-called Baker Act." Although the Baker Act sets out in comprehensive detail the rights of the patients at Section 394.459, Florida Statutes (1975), no mention is made of any right of the patient to bail either before or after the entry of an order of involuntary hospitalization. The very absence of such a provision in such a comprehensive catalog of rights is strong evidence to us that the legislature had no intent to grant such a right to patients.
In fact, the Baker Act contains detailed procedures for the admission and retention of patients pending emergency examination and court-ordered evaluation, Section 394.463(1), (2), Florida Statutes (1975), as well as pending proceedings for involuntary hospitalization. Section 394.467(2), Florida Statutes (1975). Post-commitment proceedings further mandate involuntary hospitalization up to a maximum of six months. Section 394.467(2), Florida Statutes (1975). Such statutory provisions reflect an overall legislative purpose that patients be retained at treatment facilities both pending and subsequent to a hospitalization commitment. To allow a patient to remain at liberty prior to a hearing on involuntary hospitalization or subsequent to a final order of commitment runs counter to the purpose of the Baker Act as stated in Section 394.453, Florida Statutes (1975), which is to treat the mentally ill and to do so on a compulsory basis when the patient represents a threat to himself or society. Such a purpose cannot be carried out if the patient is not hospitalized.
The Florida Supreme Court in Varholy v. Sweat, 153 Fla. 571, 15 So.2d 267 (1943), has held that a patient confined under a quarantine order for treatment of a communicable venereal disease is not entitled to bail. The court concluded that to grant release on bail to persons isolated and retained on a quarantine order because they have a contagious disease would make them dangerous to others, or to the public in general, and would render quarantine laws and regulations nugatory and of no avail. A similar *1313 result can be reached with respect to the Baker Act. To grant release on bail to persons who are adjudicated mentally ill and a danger to themselves or others, is not in the public interest and would render the Baker Act nugatory and of no avail.
In the instant case, the trial court has concluded that there is clear and competent evidence that the appellant Tom Holland is mentally ill, dangerous to himself, and lacks sufficient sustained insight and judgment to seek responsible medical care and treatment on his own behalf. The court has further concluded that there are no viable alternatives less restrictive in nature in which he can be successfully treated and maintained other than through long term involuntary hospitalization. To allow a person so adjudicated to remain at liberty pending an appellate review of such order would defeat purposes of the Baker Act by permitting a prima facie mentally dangerous person to injure, if not kill himself.
We are equally unpersuaded, in the absence of a specific statute to the contrary, that a trial judge may under certain circumstances grant a supersedeas bail as in a criminal case to an adjudicated mental incompetent. See Younghans v. State, 90 So.2d 308 (Fla. 1956); Fla.R.Crim.P. 3.691; Fla.App. Rule 6.15 (1962). If a person is subject to commitment under the Baker Act as being likely to injure himself or others, or in need of care or treatment but lacking sufficient capacity to make a responsible application on his own behalf, Section 394.467(1), Florida Statutes (1975), it would be a gross contradiction and distortion of the Baker Act to release such a person on bail pending appeal. On the other hand, a person who qualifies for release on appeal under Younghans or some other similar test and who is not a mentally dangerous person should not be committed under the Baker Act in the first place. In short, involuntary hospitalization and bail pending appellate review thereof are two mutually exclusive concepts which cannot co-exist with one another without inflicting serious damage to the entire legislative scheme as provided in the Baker Act.
We fully recognize that involuntary hospitalization is a massive deprivation of liberty which the state cannot accomplish without due process of law. Shuman v. State (Fla. 1978) (case no. 50,675, opinion filed February 23, 1978). The required due process safeguards are spelled out in the Baker Act as interpreted in In re Beverly, 342 So.2d 481 (Fla. 1977), and in the state and federal constitutions as interpreted in O'Connor v. Donaldson, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975), and Shuman v. State, supra. These constitutional safeguards, however, do not contemplate a right to bail in involuntary hospitalization proceedings.
In the event that the appellant herein no longer needs treatment in a mental facility, he has a right to petition the circuit court for habeas corpus relief pursuant to Section 394.459(10). If it is determined that the appellant no longer qualifies for involuntary hospitalization under the Baker Act, he is entitled to immediate release. This may be accomplished during the pendency of this appeal upon a temporary relinquishment of jurisdiction by this court to the circuit court. Also the appellant may seek an expedited appeal in this court from the original order of commitment. We believe these procedures accord with required due process safeguards.
Motion to review the denial of supersedeas bail is denied.