362 So.2d 714 (1978)
Jose Emilio REIGOSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-2655.
District Court of Appeal of Florida, Third District.
September 26, 1978.
*715 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HAVERFIELD,[*] C.J., and BARKDULL and KEHOE, JJ.
KEHOE, Judge.
This is an appeal of an order of involuntary hospitalization under the Baker Act, specifically Section 394.467, Florida Statutes [1977]. We reverse.
A careful review of the record of the hearing on the state's petition for involuntary hospitalization reveals that although it was adequately proven that appellant was mentally ill, he was not shown to be dangerous to himself. Neither did the state show by clear and convincing evidence that he was dangerous to others, physically or emotionally, or without the capacity to survive in freedom with the help of family or friends. Indeed, the record is barren of any exploration of less restrictive alternatives to involuntary hospitalization.
Absent clear and convincing proof that an individual is dangerous to himself or others, the state may not deprive him of his freedom on the basis of mental illness alone if he is capable of surviving with help in freedom. O'Connor v. Donaldson, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); In re Beverly, 342 So.2d 481 (Fla. 1977); In re Smith, 342 So.2d 491 (Fla. 1977).
The order of the trial court is reversed, and the cause is remanded with instructions to consider the possibilities of other means of treating appellant than by involuntary hospitalization, and to explore all possible alternatives to this draconian procedure.
Reversed and remanded.
NOTES
[*] Chief Judge Haverfield participated in the decision in this case but did not hear oral argument.