WENTWORTH, Judge.
Appellant, as administrator of the Florida State Hospital, seeks review of three orders whereby petitions for continued involuntary confinement were denied. The orders indicate that the hearing officer did not restrict herself to consideration of the relevant criteria for involuntary confinement; we therefore reverse the orders appealed and remand the cause for further proceedings.
Section 394.467(1)(b), Florida Statutes (1981), establishes the criteria for noncriminal involuntary confinement, and provides that
Any other person may be involuntarily placed if he is mentally ill, and because of his illness, is:
1. Likely to injure himself or others if allowed to remain at liberty, or
2. In need of care or treatment which, if not provided, may result in neglect or refusal to care for himself, and such neglect or refusal poses a real and present threat of substantial harm to his well-being.
In applying this statute, the hearing officer must consider less restrictive alternatives to confinement, and the standard of proof is “clear and convincing” evidence. See In Re Beverly, 342 So.2d 481 (Fla.1977). Although Beverly is not explicit on this issue, *160 we construe it as requiring consideration of only such alternatives as are in fact available, rather than hypothetical possibilities.[1] In the present dispute the hearing officer’s orders appear to be predicated on such hypothetical possibilities,[2] are otherwise internally inconsistent,[3] and suggest that the statutory criteria for involuntary confinement have not been fully considered.[4]
Accordingly, the orders appealed are reversed and the cause is remanded for further proceedings.
McCORD and BOOTH, JJ., concur.

. The 1982 legislature amended the statute so as to require a finding that “all available less restrictive treatment alternatives ... [are] inappropriate.” [e.s.]

. As to appellee Wilson, the hearing officer’s findings are consistent with the statutory criteria for involuntary confinement; however, in denying the petition the hearing officer further found that appellee could receive treatment in a less restrictive environment “if one were available.” The hearing officer did not indicate whether a less restrictive environment is available; record testimony suggests that it is not.

. As to appellee Rios, the order states that “it cannot be said that the patient requires further treatment. The patient does not require nursing or supervisory care.” However, the order also indicates that Rios’ “insight is nill as is his reality contact.” Testimony suggested that Rios cannot care for himself without the threat of substantial harm to his well-being.

.As to appellee Malone, the hearing officer apparently disagreed with the course of treatment being provided at the hospital, and expressed her opinion that alternative treatment should be sought outside the hospital. However, the order does not indicate any consideration of whether such alternative treatment is available, or whether the absence of care or treatment may result in neglect or appellee’s refusal to care for herself, posing a threat of substantial harm to her well-being.