433 So.2d 661 (1983)
C.N., Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1829.
District Court of Appeal of Florida, Third District.
June 28, 1983.
*662 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The question presented is whether a court, after having determined in a Baker Act proceeding, pursuant to Section 394.467, Florida Statutes (1981), that a subject meets a criteria for involuntary hospitalization, but also finds at the same time that under Section 394.453 the less restrictive means of outpatient care will suffice, may subsequently revoke the outpatient care and order the subject to confinement on a motion for contempt which alleges noncompliance with the outpatient treatment plan.[1] We hold that it may not and reverse.
The salient facts are as follows. A petition for the involuntary hospitalization of appellant was filed on May 5, 1981. Following a hearing on May 12, 1981, the court found that appellant met the statutory criteria for involuntary placement, but ordered her to obtain outpatient psychiatric treatment as the "least restrictive means of intervention... ." The order further provided that should appellant fail to do so, "this cause shall recur for further proceedings", and the court "retains jurisdiction of the subject matter of this proceeding and the parties to enter ... further orders... ."
A petition for a rule to show cause, alleging that appellant had failed to continue outpatient treatment, was filed by the state attorney on June 23, 1981. On that same date, the trial court issued to appellant a rule to show cause why she should not be held in contempt for failure to comply with the outpatient treatment plan.
A hearing on the motion for contempt was held on July 21, 1981. Those appearing as witnesses, with notice, were appellant, her sister Marlene Heller, Beatrice Frishman, a neighbor, and three physicians who had examined or treated the appellant. At the conclusion of the hearing, the court entered a judgment ordering that:
(1) Respondent [C.N.] is found in Contempt of Court for failing to comply with this Court's order of May 26, 1981;

*663 (2) Respondent [C.N.] is to be forthwith involuntarily placed at Jackson Memorial Hospital Psychiatric Unit;
(3) That this Order shall be in effect for a period of [sic] not to exceed six (6) months from the date of this Court's original commitment proceeding of May 12, 1981;
(4) At any time that Respondent [C.N.'s] treating physician is of the opinion that Respondent is found no longer to meet criteria for involuntary placement, Respondent shall be discharged.
This appeal is taken from that decree.
First, we agree with appellant that exercise of the court's contempt power to compel hospitalization and treatment was inappropriate. A willful disregard of, or disobedience to, an order of the court is the essence of contempt. Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla. 1953); State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981); Somerstein v. City of Miami Beach, 319 So.2d 158 (Fla. 3d DCA 1975), cert. denied, 338 So.2d 841 (Fla. 1976). The testimony of all three physicians who were witnesses at the contempt hearing was essentially that appellant has a "basic personality problem" related to the psychiatric disorder which gives her "difficulty in following directions." The evidence presented did not support a finding of contemptuous intent, an element of criminal contempt.
Second, where a court, proceeding under Part I of the Florida Mental Health Act (§§ 394.451  394.4781, Fla. Stat. (1981)), has, consistent with legislative intent, ordered outpatient care by a private mental health professional as an alternative to involuntary hospitalization, that least restrictive intervention can be revoked and the patient deprived of her liberty only in proceedings which substantially meet the requirements of Section 394.467. There is no statutory authority for the court to retain jurisdiction for the purpose of modifying an action taken on an earlier petition. The imposition of a more restrictive intervention, i.e., involuntary placement, requires, at the minimum, a new petition for involuntary hospitalization, a notice of hearing and a hearing on the petition. For a court to order involuntary hospitalization, it is not sufficient that the patient merely failed to follow a plan for outpatient treatment. There must be clear and convincing proof that an individual is dangerous to herself or others before the state may deprive her of her freedom on the basis of mental illness alone. Reigosa v. State, 362 So.2d 714 (Fla. 3d DCA 1978).
If the mental health professional or physician responsible for outpatient care determines that the patient should be involuntarily hospitalized because she poses a danger to herself or others, the administrator of a designated receiving facility where the patient has been examined or evaluated shall make a recommendation to the court for involuntary hospitalization pursuant to Section 394.467(2), Florida Statutes (1981). The recommendation must be supported by two mental health professionals, at least one of whom is a physician, who have examined the patient within the preceding five days. The recommendation shall be entered on an involuntary placement certificate, which certificate may serve as a petition for hearing regarding involuntary placement. The petition and a notice of hearing must be served on the patient. The notice must specify the date, time, and place of hearing; the basis for detention (if any); the names of examining mental health professionals and other persons who will testify in support of involuntary placement, and the substance of their proposed testimony. § 394.467(3), Fla. Stat. (1981).[2]
We have considered the procedural irregularities complained of by this appeal *664 which, without more, require reversal. We think it unnecessary to address the remaining issue, i.e., whether the evidence adduced at the hearing on rule to show cause established that involuntary hospitalization was necessary in that appellant posed an imminent and substantial danger to herself or other persons.
Reversed and remanded.
NOTES
[1] The state candidly concedes at the outset that the court would have no jurisdiction to simply modify its original order for outpatient treatment without a second Baker Act hearing. The question is whether the hearing may properly proceed on a contempt motion.
[2] Section 394.467(1), together with the other subsections of the statute, was amended in 1982. Ch. 82-212, § 12, Laws of Fla. The statute now requires additional proofs before involuntary placement may be ordered (1) the person suffers from an apparent or manifest mental illness, (2) the person refused voluntary placement for treatment, (3) the person is unable to determine for herself whether placement is necessary, and (4) all available less restrictive treatment alternatives have been judged to be inappropriate.