RYDER, Judge.
In this consolidated appeal, Tampa Bay Business Publishing Company appeals an order (entered in the case against Zink) which denied its motion for an order of contempt, and a final order denying injunc-tive relief (in the case against Zincom). We have jurisdiction. Fla.R.App.P. 9.110(a)(1) and 9.130(g).
In July 1980, appellee Dennis Zink signed a contract of employment with the appellant. Zink was hired to publish a business magazine entitled “Tampa Bay Business Weekly” (Business Weekly). The magazine focused on information and articles of interest to a business executive audience.
In June 1981, the appellant and appellee Zink entered into a written agreement terminating their employment relationship. Included therein was a document entitled “noncompete agreement.” This agreement provided:
[Tjhat for a period of one (1) year from the effective date of the resignation of Dennis Ira Zink as an employee of the Company, to wit: April 13, 1981, he will not directly or indirectly:
(a) Enter into or in any manner take part in any business, profession, or other endeavor within the greater Tampa Bay-St. Petersburg area either as an employee, agent, independent contractor, owner, or otherwise, which is in competition with the business of the Company as the same is now conducted;
(b) Disclose to any person, corporation, partnership, entity, or business association of any kind, confidential information of any kind whatsoever (including customers’ and suppliers’ lists and names) *273 relating to the business and operations of the Company; or
(c) Interfere with, or cause to any degree, the termination of any relationship the Company has with an employee or customer, or other person, corporation, partnership, entity or other business association.
The undersigned acknowledges that irreparable injury may result to the Company in the event of a breach by him of the restrictions imposed hereby, and that his acceptance of such restrictions was a material factor in the Company’s decision to enter into the Agreement.
In the event Mr. Zink shall engage in any act in violation of said provisions, he agrees that the Company shall be entitled, in addition to other remedies and damages as may be available to it by law or under this Agreement, to an injunction prohibiting him from engaging in such act; provided however, that if any court of record shall finally adjudicate that the restraint provided herein is too broad as to geographic area or period of time, Mr. Zink agrees that the said area or time may be reduced to whatever extent the court deems reasonable, and the restraint may be enforced as to such reduced area or time. Mr. Zink represents that his experience and capabilities are such that he can obtain employment, notwithstanding the restrictions imposed, and that an injunction against violations of the provisions of this Agreement will not prevent him from earning a livelihood.
In July 1981, Zink registered appellee Zincom, Inc. with the Secretary of State of Florida. Zink was the sole stockholder, director and officer of Zincom. Zincom was to publish the “Office Guide to Tampa” (Office Guide), a quarterly magazine with office space listings, announcements of corporate relocations, construction activities, and articles dealing with telecommunications, products, services, interior design, and items of a similar nature. There was some overlap between Business Weekly and Office Guide concerning advertisers.
In September 1981, appellant filed suit against appellee Zink seeking damages and injunctive relief based on the covenant not to compete contained in the employment termination agreement. At a hearing on a motion for entry of a preliminary injunction, the trial court stated and appellant’s counsel agreed that a preliminary injunction would not enjoin Zink from selling Zincom. The court also stated that a preliminary injunction would not be effective until the required bond was filed by appellant. The trial court granted the preliminary injunction and ordered:
A. Dennis Ira Zink, and all persons acting in concert with him, including the officers, directors, agents, servants, employees, successors and assigns of Zincom, Inc., or any other business entity formed by him in connection with the publication of “Office Guide to Tampa,” jointly and severally, shall be and hereby are preliminarily enjoined from, directly or indirectly, engaging in the business of publishing “Office Guide to Tampa,” either as an individual on his own account, or as a partner or as an employee, or for any person, or as an officer, director or stockholder of a corporation, within Pinellas and Hillsborough Counties, Florida.
B. Plaintiff shall post security for the issuance of this preliminary injunction in the sum of Fifty Thousand Dollars ($50,-000.00), which security shall conform to the requirements of Fla.R.Civ.P. 1.610(c).
C. This preliminary injunction shall take effect upon the service hereof, by mail, upon counsel of record for Defendant, and upon the filing of the bond described in paragraph B hereof.
Before posting of the bond, appellee Zink telephoned one Peter Roos, a certified public accountant, to seek an evaluation of Zincom for purposes of trying to sell it. Subsequently, Roos — although aware of the preliminary injunction — purchased Zincom from Zink. Roos had been advised by his own attorney that he was not precluded from' purchasing Zincom or publishing Office Guide. The sale agreement between Zink and Roos disclosed the existence of litigation between appellant and Zink and *274 included a provision recognizing that Zink could not be associated in any manner with the affairs of Zincom.[1] The sale to Roos was on an installment basis, with Zink retaining a lien on the Zincom stock until the installment payments were fully made. On October 29, 1981, two days after the sale, appellant posted with the court the bond for the preliminary injunction against Zink.
In March 1982, appellant sought entry of an order holding Roos in contempt of court for an alleged violation of the preliminary injunction against Zink, based on Roos’ publication of Office Guide. The trial court denied this motion.[2]
In August 1982, the trial court entered final judgment terminating the preliminary injunction against Zink, based upon a “stipulation and joint motion for entry of final judgment.” Appellant timely filed its notice of appeal and challenges the denial of its motion that Roos be found in contempt of court.
Concerning the second case of this consolidated appeal, the first issue of Office Guide was printed and distributed in November 1981. Soon thereafter, appellant filed suit against appellee Zincom for damages and injunctive relief based on the claims that Zincom “aided and assisted Zink in violating the noncompete agreement,” and Zincom benefitted from Zink’s violations of the agreement to the detriment of appellant. The injunctive relief sought by appellant was to prevent “Zincom and all persons acting in concert therewith” from publishing Office Guide within Pinellas and Hillsborough Counties for a period of one year. Appellant’s motion for entry of a preliminary injunction against Zincom was denied by the trial court.
A final hearing was held. The trial court discussed the difficulty in holding Zincom liable under Zink’s covenant not to compete with appellant. The court acknowledged that Zincom was created by Zink, but recognized that the operation of Zincom was totally separate from Zink due to the sale of Zincom to Roos. In its order, the court stated that appellant presented no claim for damages, but sought only injunctive relief. The court denied the injunctive relief and entered judgment in favor of Zincom. Notice of appeal was timely filed.
This court granted appellant’s motion to consolidate the appeals in the Zink and Zin-com cases. Two issues are raised by appellant: first, the denial of the motion for contempt sought against Roos; and second, denial of injunctive relief against Zincom.
We find wanting appellant’s argument that the injunction entered against Zink should be found binding on Roos, and violation of that injunction was in contempt of court. The record reflects that Roos was not acting in concert with Zink to evade the trial court’s injunction through the purchase of Zincom. Knowledge of the injunction, and of the litigation between appellant and Zink, does not in itself reflect improper activity. See Fla.R.Civ.P. 1.610(d). Although Roos had actual knowledge of the not yet perfected injunction,[3] his action in purchasing Zincom is not tantamount to contempt of court based on violation of that injunction. In fact, Roos’ good faith is clear: both the trial court and appellant’s counsel, as well as Roos’ own attorney, concluded that the injunction did not prevent Roos’ purchase of Zincom. Bryant v. State, 363 So.2d 1141 (Fla. 1st DCA 1978); Somerstein v. City of Miami Beach, 319 So.2d 158 (Fla. 3d DCA 1975), cert. denied, 338 So.2d 841 (Fla.1976). The trial court properly re *275 fused to hold Roos in contempt of the court’s preliminary injunction against Zink.
The second point raised, however, requires reversal. The trial court denied the injunctive relief sought by appellant against Zincom on the expressed belief that:
[T]o grant the injunctive relief sought by the plaintiff would constitute an unreasonable and therefore unlawful restraint of trade, notwithstanding provisions of the Florida Rules of Civil Procedure 1.610(d), particularly in light of the history of the related case entitled “Tampa Bay Business Publishing Company v. Zink, No. 81-12463” also heard by this court.
The trial court’s holding is irreconcilable with the terms of paragraph “A” of the preliminary injunction granted against Zink and the covenant not to compete executed by Zink.
A covenant not to compete between an employer and an employee is not, ipso facto, an unlawful restraint of trade under Florida law. § 542.33(2), Fla.Stat. (1981). See Foster & Co., Inc. v. Snodgrass, 333 So.2d 521 (Fla. 2d DCA 1976). Hence, Zink was not free to develop a company which would compete with appellant in some fashion and to some degree. In contravention of the covenant, Zink performed some 40 to 60% of the work necessary for publication of Office Guide including the solicitation of advertisers some of whom were advertising customers of appellant. Zink’s sale of the Zincom stock to Roos did not ameliorate the harm to appellant which was caused by Zink’s creation of Zincom.
Counsel for Zincom has argued that Zin-com cannot be enjoined from publishing Office Guide because: first, the preliminary injunction issued against Zink restrained only the activities of Zink; and second, any injunction against Zincom would have been issued only after Zink had sold Zincom to Roos with the result that Zincom was no longer aiding Zink in his violation of the covenant not to compete.
The first argument must fail because by its express language, the preliminary injunction enjoined publication of Office Guide by any person involved with Zin-com, or any other business entity formed by Zink in connection with the publication of Office Guide. In effect, Zincom was subject to the preliminary injunction. Such an effect is not improper. Temporarily Yours—Temporary Help Services, Inc. v. Manpower, Inc., 377 So.2d 825 (Fla. 1st DCA 1979); G & C Merriam Co. v. Webster Dictionary Co., Inc., 639 F.2d 29 (1st Cir. 1980).
The second argument also fails to support Zincom’s position. As Zincom was created by Zink in contravention of his covenant not to compete, the sale to Roos will not operate to prevent entry of an injunction against Zincom’s publication of the Office Guide. To hold otherwise would be to allow a violation of the covenant not to compete to go unremedied in any real sense, especially as the. corporation formed by Zink, appellee Zincom, was the entity through which Zink breached his covenant, and Zin-com benefitted by the breach of the covenant.
The trial court’s opinion that an injunction against Zincom would be an unreasonable and unlawful restraint of trade is mistaken under the facts presented. While a reversal would not be warranted if the conclusion was correct, notwithstanding the trial court’s mistaken reasoning, the record presented does not otherwise support the decision below. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). We therefore reverse and remand the case involving Zincom to the trial court for entry of an injunction against Zincom prohibiting the publication of the “Office Guide to Tampa.” The trial court is to determine a reasonable period of time for operation of the injunction in light of the original covenant not to compete executed by Zink in favor of appellant and considering the length of time the preliminary injunction was observed.
*276 REVERSED and REMANDED with directions.
OTT, C.J., and SCHEB, J., concur.

. Roos testified that at the time of his purchase of Zincom, approximately 40 to 60% of the work in preparing for publication had already been performed by Zink. This work included advertising agreements, arrangements for an editorial coordinator, writing of articles and laying out a portion of the first issue.

. This court dismissed the interlocutory appeal of the denial of the motion for contempt of court. The trial court’s denial of the motion is properly before this court pursuant to rule 9.130(g), Fla.R.App.P.

.The injunction was not effective until the required bond was filed by appellant. Roos purchased Zincom before the filing of the bond, and thus before the injunction was effective.