459 So.2d 406 (1984)
Robert B. WILLIAMS, Administrator, Florida State Hospital, Appellant,
v.
Henry Jasper DAVIS, Margaret Satterfield, Clide Moore, William Wright, and Mattie Arnold, Appellees.
Nos. AW-47, AW-49, AW-50, AX-140 and AX-141.
District Court of Appeal of Florida, First District.
November 14, 1984.
*407 Peggy Sanford, Hospital Legal Counsel, Chattahoochee, for appellant.
Michael E. Allen, Public Defender, and Andrew Thomas, Asst. Public Defender, Tallahassee, for appellees.
BARFIELD, Judge.
Appellant is administrator of the Florida State Hospital in Chattahoochee. Appellees are persons involuntarily placed in that facility. Under Florida Statutes § 394.467 (1983), the administrator is required to request authorization to continue involuntarily placement six months after commitment and each six months thereafter. Unless waived, these hearings are held pursuant to Florida Statutes § 120.57(1). The hearings are conducted by hearing officers assigned by the Division of Administrative Hearings, and their orders are final orders subject to appellate review in this court, id. § 394.457(6). The administrator is required to show by clear and convincing evidence that the patients meet the five statutory criteria for involuntary placement, id. § 394.467(1)(b).
For purposes of this appeal, the facts concerning appellees Davis, Arnold, Satterfield, and Moore are identical: they are all elderly individuals with severe mental disorders; they require medication and constant supervision, and could not survive without them; all are Medicaid ineligible because of their resources; all are suitable for placement in highly skilled nursing home facilities but the hospital has been unable to place them because of lack of cooperation of relatives who control their resources. The families of the patients pay a small monthly fee to Florida State Hospital based on ability to pay.
Appellee Wright's facts differ slightly. He, too, is elderly and has serious mental disorders. He tested positively for tuberculosis, however, and a social worker testified at hearing that nursing homes would not accept him during his treatment period. Mr. Wright may be Medicaid eligible but his sister is "foot-dragging" in providing the information necessary to complete the application. The hospital may be able to submit an application on his behalf. The testimony was not clear on this issue, but apparently in such situations the hospital first gives the relative an opportunity to submit the application. If she fails to do so, the hospital requests permission to submit the application and/or submits the application without the permission. There is a sequence of letters sent to the relative regarding this which was "in process" at the time of the hearing.
The hearing officer found for each patient that because of uncooperative relatives, the administrator failed to pursue alternatives to continuing involuntary placement at the hospital. The hearing officer held that the administrator failed to demonstrate by clear and convincing proof that appropriate and less restrictive treatment alternatives were not available and the patients therefore did not meet the criterion set forth in Fla. Stat. § 394.467(1)(b)5 (1983).[1] He denied the requests *408 for continuing involuntary placement, and the administrator appealed.
We note initially that treatment alternatives must be actually available, not "hypothetical possibilities." Williams v. Wilson, 424 So.2d 159, 160 (Fla. 1st DCA 1982).[2] Therefore, the issue for our consideration is whether there is competent and substantial evidence to support the hearing officer's conclusion that there was not clear and convincing evidence presented by the administrator that less restrictive treatment alternatives were actually unavailable for these patients. At first impression this would seem an impossible question for this court to answer, since it cannot know what caused the hearing officer to disbelieve the hospital's witnesses. However, we choose to follow the approach used by this court in personnel actions:
... the [agency] as the party asserting the affirmative of an issue, has the burden of proving that the [criteria have been met]... . Although this burden never shifts, the proof presented may establish a prima facie case so that the burden of moving forward with the presentation of the evidence will shift to the [patient]. Florida Department of Health and Rehabilitative Services v. Career Service Commission [, 289 So.2d 412 (Fla. 4th DCA 1974)]; 1 Fla.Jur.2d Administrative Law § 81.
Department of Corrections v. Dixon, 436 So.2d 320, 321 (Fla. 1st DCA 1983).
The hospital's witnesses all testified that nursing home placements were impossible without family cooperation and that they were therefore concentrating their efforts on obtaining such cooperation, albeit unsuccessfully. This testimony was not contradicted either by cross-examination or direct evidence presented on behalf of appellees. Yet the respective orders found that the agency was "making no effort" (Moore), "failed to pursue" (Wright), "has made no effort to arrange" (Satterfield), "has abandoned efforts at arranging" (Arnold), and "has not attempted" (Davis) alternative placements. In short, the hearing officer simply chose not to accept the hospital's evidence.
Once the hospital makes a prima facie showing that the patients meet the criteria, the hearing officer is bound to grant the petition for continued involuntary placement in the absence of contrary evidence from the patient. There was no such contrary evidence.
The decision of the hearing officer in each instance is therefore REVERSED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] The fifth criterion reads:

All available less restrictive treatment alternatives which would offer an opportunity for improvement of [the patient's] condition have been judged to be inappropriate.
The parties agree that these patients meet the first four criteria.
[2] Wilson was decided under the 1981 version of the statute here in issue. That statute did not expressly provide for consideration of the "less restrictive alternative" criteria, but the Florida Supreme Court had previously held that this factor must be considered in ruling on applications for involuntary placement. In re Beverly, 342 So.2d 481 (Fla. 1977). We find nothing to suggest that the intent of the 1982 legislature in adding the fifth criterion to the statute differed from the construction given the requirement in Wilson. In fact, the language of § 394.467(1)(b)5 strongly suggests that the Wilson rationale should be applied here.