BARKETT, Judge,
dissenting.
I respectfully dissent.
Section 394.467, Florida Statutes (1983) (“the Baker Act”), provides for the involuntary commitment of individuals to mental health facilities when those individuals are shown to have met five criteria:
394.467. Involuntary placement
(1) Criteria.—

(b) A person may be involuntarily placed for treatment upon a finding by the court of clear and convincing evidence that:
1. He suffers from an apparent or manifest mental illness;
2. He has refused voluntary placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of placement for treatment;
3. He is unable to determine for himself whether placement is necessary;
4.a. He is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, he is likely to suffer from neglect or refuse to care for himself and such neglect or refusal poses a real and present threat of substantial harm to his well-being; or
b. It is more likely than not that in the near future he will inflict serious, unjustified bodily harm on another person, as evidenced by behavior causing, attempting, or threatening such harm, including at least one incident thereof within the 20 days prior to the initiation of the proceedings for involuntary placement;
5. All available less restrictive treatment alternatives which would offer an opportunity for improvement of his condition have been judged to be inappropriate.
*466 As stated in section 394.467(l)(b), the State must make the requisite showings “by clear and convincing evidence.” In Re Beverly, 342 So.2d 481, 488 (Fla.1977); Reigosa v. State, 362 So.2d 714, 715 (Fla. 3d DCA 1978).
In seeking a civil commitment the state must show that all five of the criteria have been met, although the fourth criterion can be satisfied by making a showing under subsection 4.a., or 4.b., or both. See Reigo-sa v. State, 362 So.2d at 715. The State expressly chose to travel under subsection 4.b. of this statute rather than subsection 4.a.; consequently, the State needed to prove that Philip Asman posed a threat to others. I cannot characterize the evidence in this record as clear and convincing evidence that Asman is a danger to others. More importantly, the record contains absolutely no evidence that “all available less restrictive treatment alternatives which would offer an opportunity for improvement of his condition have been judged to be inappropriate,” as required by section (l)(b)5. of the statute.
In Williams v. Wilson, 424 So.2d 159 (Fla. 1st DCA 1982), in reviewing the denial of a petition for continued involuntary confinement, the court said:
In applying this statute, the hearing officer must consider less restrictive alternatives to confinement, and the standard of proof is “clear and convincing” evidence.
The order of commitment does not reflect any such consideration and the record is devoid of any evidence that this requirement was considered. The proof in this case establishes that the appellant is mentally ill. That alone, however, is insufficient under the statute to deprive one of his liberty. Reigosa v. State, 362 So.2d at 715. As the court noted in In Re Holland, 356 So.2d 1311, 1313 (Fla. 3d DCA 1978), “involuntary hospitalization is a massive deprivation of liberty which the state cannot accomplish without due process of law.”
I would duplicate the action of the third district in Reigosa v. State (in fact, I believe the entire opinion could be used as the majority opinion in this case), and remand “with instructions to consider the possibilities of other means of treating appellant than by involuntary hospitalization, and to explore all possible alternatives to this draconian procedure.”