534 So.2d 756 (1988)
Britton B. DENNIS, Administrator, Florida State Hospital, Appellant,
v.
Flora REDOUTY, Patrick O'Neill, Elizabeth Wicker, Joseph Gilbert, and Francis Bowen, Appellees.
Nos. 88-1024 to 88-1028.
District Court of Appeal of Florida, First District.
November 15, 1988.
Dennis X. Crowley, Hosp. Atty. and Peggy Sanford, Asst. Hosp. Atty., Chattahoochee, for appellant.
Michael E. Allen, Public Defender; and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellees.
WIGGINTON, Judge.
Appellant is administrator of the Florida State Hospital in Chattahoochee. Appellees are persons involuntarily placed in that facility. Under section 394.467, Florida Statutes (1987), appellant by separate petitions requested authorization to continue appellees' involuntary placements. A hearing *757 was held pursuant to section 120.57(1), Florida Statutes, and in each instance the hearing officer found that the appellee met the criteria for continued hospitalization but entered an order authorizing such continued hospitalization for a period of less than six months due to the fact that a plan for alternative placement was being pursued and would allegedly have been accomplished within the six-month period of time contemplated by section 394.467. The issue on appeal is whether the hearing officer's order allowing continued placement for periods less than the statutorily authorized period of six months was proper. We hold that it was not and reverse.
Section 394.467(4)(f) provides that if a patient shows he or she "continues to meet the criteria for involuntary placement, the hearing officer shall sign the order for continued involuntary placement." See Williams v. Davis, 459 So.2d 406 (Fla. 1st DCA 1984). However, the remainder of that subsection is clear that it is the "treatment facility" that "shall be authorized to retain the patient for a period not to exceed 6 months." The subsection further provides that the same procedure shall be repeated prior to the expiration of each six-month period.
As argued by appellant, the role of the hearing officer is essentially to determine whether the patient's condition is such that involuntary placement continues to be necessary. It thereafter lies within the realm of the administrator to determine whether within the following six months the patient no longer needs involuntary placement. Otherwise, as pointed out by appellant, the hospital might be granted authority to hold a patient involuntarily for four months yet not be authorized to petition for continued placement until just prior to the end of the six-month period. That would be a result not intended by the legislature.
Accordingly, the orders appealed are reversed and the cause is remanded to the hearing officer with directions to modify the authorized commitment periods to conform with section 394.467(4)(f), requiring that the continued hospitalizations be authorized for periods not to exceed six months.
JOANOS and BARFIELD, JJ., concur.