898 So.2d 1098 (2005)
Barbara Suzanne ROSICKA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-5065.
District Court of Appeal of Florida, First District.
March 24, 2005.
*1099 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, for Appellant.
Charlie Crist, Jr., Attorney General, and Sean F. Callaghan, Assistant Attorney General, for Appellee.
PER CURIAM.
The appellant challenges an order of involuntary commitment entered pursuant to section 394.467, Florida Statutes (2004). Because the record is devoid of competent substantial evidence, either that the appellant posed a real and present threat of substantial harm to her well-being or that her recent behavior evidenced a substantial likelihood that she would inflict serious bodily harm on herself or another in the near future, we reverse.
Under section 394.467, Florida Statutes, the state must present clear and convincing evidence of the statutory criteria before a person may be involuntarily placed for treatment. See Boller v. State, 775 So.2d 408, 409 (Fla. 1st DCA 2000). A trial court's determination in this regard will be upheld on appeal if the record contains competent substantial evidence to support the trial court's findings. See, e.g., Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Williams v. Davis, 459 So.2d 406, 408 (Fla. 1st DCA 1984).
Under section 394.467(1), the state must show, among other criteria, either that the patient by neglect or refusal to care for himself or herself poses a real and present threat of substantial harm to his or her well-being, or that there is a substantial likelihood that in the near future the patient will inflict serious bodily harm on himself or herself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm. See § 394.467(1)(a)2, Fla. Stat. (2004). The trial court found that the appellant had a history of multiple suicidal gestures. However, our review of the record does not reveal any evidence to support that determination. Neither does the record contain competent substantial evidence that the appellant posed a threat to herself through neglect or as evidenced by recent *1100 behavior. We accordingly reverse the order for involuntary placement.
REVERSED.
WOLF, C.J., BARFIELD and LEWIS, JJ., concur.